Parker, C. J.,
delivered the opinion of the Court, (a)
*272 There can be no question of the correctness of the verdict upon the first count. The action is trespass; and a possession, at the time the act supposed to be a trespass was done, must be proved, or the action cannot be maintained. Now, there was evidence of a possession by fence in the defendant for more than twenty years before the action was brought; and that the part of the fence, the removal of which is complained of, had been repaired by him during that time; also that the new fence or stone-wall was erected within the line on which the old fence stood.
The only question which could exist at the trial was, whether the facts there testified were true; and the jury having declared that they were, the verdict for the defendant was a necessary legal consequence.
There is nothing in the report from which an entry on the plaintiff’s land can be inferred, unless such entry was necessary for the purpose of taking down the fence, in order to rebuild it, which would not be tortious. The part of the fence assigned to the defendant to keep in repair was his property, so far at least that the removal of it, for lawful purposes, could not make him a trespasser; and we do not think there was any joint-tenancy, or tenancy in common, of the materials of which the fence was composed.
There is not much more question upon the other count. Two borderers, having a known line between them, conformable to their title deeds, have, in consequence of the irregularity of the ground, acquiesced in a fence not corresponding with that line ; but, nevertheless, neither party claims to own on the other side of the line, established by the deeds and by the express acknowl [ * 298 ] edgment as late as 1802, of the * person then in pas session of the lot now held by the plaintiff, and under whom he derives his title, and in conformity with a survey made in 1764, by Ashley, the then owner, and again in 1792.
The line described in title deeds must always be considered the true original line between the owners of contiguous lots. This is generally ascertained by fence; but the fence is only evidence of the direction of the line, unless it is referred to in the deeds as a monument. Where parties have established a fence varying from the line described in the deeds, and each party has held and occupied up to his side of the fence, claiming to hold accordingly, for twenty years, neither can maintain a possessory action against the other. And, indeed, such act of ownership and acquiescence might be sufficient evidence of title in actions of a higher nature, especially if any doubt should exist as to the place and course of the line described in the deeds.
*273 Bat where the parties have agreed upon a fence variant from the line, avowedly for convenience, and still have continued to claim according to the true line, neither party acquires a title, or even a right of possession, against the other, merely on account of the fence.
It was therefore a question of fact properly submitted to the jury, whether, under the circumstances of these parties, and the prior owners of the land, by whose acts the present owners are bound, the fence was to be considered as limiting the claims of the proprietors on either side, contrary to the boundary established by their supposed titles ; and we have no doubt the jury have decided rightly upon the question.

Judgment according to the verdict

 Note. — Dewey, 7., having been of counsel for one of the parties, did not sil m the hearing of this cause.