## BROWN vs. COCKERELL.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Abstract charge.*—A charge which is partly abstract may be refused entirely.

2. *Adverse possession between coterminous proprietors.*—If two coterminous proprietors of land agree upon a dividing line, jointly construct a dividing fence in accordance with that agreement, and occupy up to that fence, their possession is adverse to each other, and, if continued for the length of time prescribed by the statute of limitations, ripens into a perfect title.

3. *Same.*—Where a dividing fence is run beyond the true line, whether from inadvertence, ignorance, or convenience on the part of the owner, and with no intention to claim up to it as the dividing line, his possession is not adverse to the adjoining proprietor ; nor can it, when accompanied by acts of ownership, and continued for the length of time prescribed by the statute of limitations, perfect a title as against such adjoining proprietor.

4. *How affected by subsequent agreement.*—If a perfect title to the land in dispute has vested in one of the parties, by virtue of his adverse possession for the length of time prescribed by the statute, his title cannot be divested by a subsequent parol agreement with the adjoining proprietor to have the boundary line between them surveyed ; but such agreement is a matter for the consideration of the jury, in determining the question of adverse possession.

5. *Notoriety of possession.*—Notoriety is an important constituent of an adverse possession, as a fact from which notice or knowledge may be presumed ; but, where actual notice or knowledge is brought home to the party to be affected thereby, it is not necessary that the possession should be notorious.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by William J. Cockerell, against Robert L. Brown, and was commenced on the 10th April, 1857. The land in controversy consisted of a small tract, containing about five acres, which the plaintiff claimed as a part of section 19, in township 20, range 2 west, and which the defendant claimed as part of section 30 in said township and range; the said sections adjoining each other, and the controversy turning on the location of the boundary line between them. The material facts of the case, so far as they relate to the questions here presented for revision, may be thus stated:

Section 19 lies directly north of section 30. In 1841, the south half of section 19 belonged to one Emerson Cockerell, a brother of the plaintiff; while the north-east quarter of section 30 then belonged to George A. Brown, who was a brother of the defendant, and the north-west quarter to one W. R. Richardson. During that year, Emerson Cockerell and George A. Brown, by agreement, had the section line between them run by the county surveyor; the plaintiff in this suit and said Richardson being the chain-bearers. The line thus established was adopted by the parties as the dividing line between them, and a dividing fence was jointly constructed by them upon or near it; each party building his half of the fence on his own land, and connecting the two portions where they met by a lock, or panel run diagonally from one to the other; and this fence has remained ever since. At the time of this survey, there was a dividing fence between Emerson Cockerell and Richardson, which run on or near the section line between them as shown by the marks left by the United States surveyors. In 1843, while Richardson was still in possession of his quarter-section, and cultivating up to the division fence between him and Emerson Cockerell, he sold and conveyed by deed to the defendant in this suit; and in 1845, George Brown, being still in possession of his quarter-section, and cultivating up to the dividing fence between him and Emerson Cockerell, also sold and conveyed to the defendant. More than ten years before the commencement of this suit, but at what precise time the record does not show, Emerson Cockerell sold and conveyed his land to the present plaintiff. Under these conveyances, the plaintiff and defendant took possession of their respective tracts, cultivated up to the dividing fence between them, and exercised other acts of ownership. In February, 1856, a dispute having arisen between them about their stock trespassing, the defendant, at the request of the plaintiff, had the line again run by the county surveyor; and the line thus established throws the land now in controversy within the plaintiff's section. The defendant was present at this survey, and expressed himself dissatisfied with it; but he did not

have the line again run by another surveyor, as the plaintiff had told him he might do if dissatisfied.

On these facts, the defendant asked the court to give the following charges :

"1. If the jury believe that Emerson Cockerell and George A. Brown had the line in dispute surveyed in 1841, and agreed upon the line, and built a joint fence upon the line agreed on; and that the defendant, and those under whom he claims, have ever since been in possession of the lands on his side of the line and fence so agreed on, they must find for the defendant.

"2. If the jury believe from the evidence that, more than ten years before the commencement of this suit, there was a fence from one end of the section corner to the other, along or near the line, except a small strip between the corner of Richardson's fence and the half-way corner of George Brown's fence; and that the defendant, more than ten years before the commencement of this suit, completed said strip of fence, so as to make it continuous from corner to corner, and has ever since been in possession of all the land on his side of said fence, exercising acts of ownership over it, with the knowledge of the plaintiff, or those under whom he claims title; and that the plaintiff, or those under whom he claims title, had such knowledge more than ten years before the commencement of this suit, they must find for the defendant.

"3. If the jury believe from the evidence that the defendant, or those under whom he claims title, more than ten years before the commencement of this suit made a dividing fence, on or near what was supposed to be the dividing line of the two sections, and has ever since been in possession of the land on his side of said fence and line, cultivating the same, and exercising acts of ownership over it, they must find for the defendant.

"4. If the jury believe the last-mentioned facts from the evidence, no verbal agreement of the defendant in 1856 to another survey would be so far binding as to enable the plaintiff to recover any land found by such survey to belong to him on the defendant's side of the line so agreed on."

The court refused to give either one of these charges, "without the following qualification: 'If the evidence shows that the land in controversy belonged to the plaintiff, and to those through whom he claims, and the defendant would defeat that claim by an adverse possession of ten years, he (the defendant) must, to entitle him to such a plea, show that his possession has been notorious, uninterrupted, and under an adverse claim of title, for said period of ten years;' and did give them, of its own motion, with said qualification."

The refusal of the several charges asked, and the qualified charges given, to which the defendant excepted, are now assigned as error.

REAVIS & COOKE, and S. F. HALE, for the appellant, made the following points:

I. The first charge asked should have been given without qualification, because—

1. A parol agreement between two proprietors of adjoining lands, to employ a surveyor to run the dividing line between them, which agreement is executed, and possession held accordingly for the period prescribed by the statute of limitations, or even for a long time short of that period, is binding and conclusive on the parties and those claiming under them.—Boyd v. Graves, 4 Wheaton, 513; Smith v. McAllister, 14 Barbour, 434; Lindsay v. Springer, 4 Harrington, (N. J.) 547; Spaulding v. Warren, 25 Vermont, 316; Wilson v. Hudson, 8 Yerger, 398; Moody v. Nichols, 16 Maine, 23; Boston Railroad v. Sparhawk, 5 Metcalf, 469; Riley v. Griffin, 16 Geo. 142; Brown v. Edson, 23 Vermont, 436; Hobbs v. Cram, 2 Foster, (N. H.) 130; Mosher v. Berry, 30 Maine, 90; Ackley v. Buck, 18 Vermont, 396; Rockwell v. Adams, 6 Wendell, 467; Gilchrist v. McGee, 9 Yerger, 45; Beecher v. Parmele, 9 Vermont, 352; Burton v. Lazell, 16 Vermont, 158; Berry v. Garland, 6 Foster, (N. H.) 473; Jackson v. McConnell, 12 Wendell, 421; Rockwell v. Adams, 7 Cowen, 761; Blair v. Smith, 16 Missouri, 273; Jackson v. Van Cortlandt, 11 Johns. 137; Orr v. Foote, 10 B. Monroe, 392.

4

2. The defendant having been in possession more than ten years, with the knowledge of the plaintiff and those through whom he claimed, had thereby acquired a title under the statute of limitations.—Clay's Digest, 329, § 93, in connection with Session Acts 1853–4, p. 71; Rawls v. Kennedy, 23 Ala. 240; Hallett v. Forest, 8 Ala. 264; Stein v. Burden, 24 Ala. 130. And the title thus acquired could not be lost by the defendant's parol declarations. Stuyvesant v. Tompkins, 9 Johns. 61; Nichol v. Lytle, 4 Yerger, 456; Moody v. Nichols, 16 Maine, 23; Daniel v. Ellis, 1 A. K. Mar. 61; Gilchrist v. McGee, 9 Yerger, 455.

II. The second charge asked should have been given, because the facts assumed in it, which were established by the evidence, constituted adverse possession; and that commenced when the plaintiff, or his vendor, knew that the defendant was in possession of the land, exercising acts of ownership over it,—which was more than ten years before the commencement of the suit.—2 Smith's Leading Cases, by Hare & Wallace, 560–68; Herbert v. Hanrick, 16 Ala. 594; Bryan v. Weems, 29 Ala. 423.

III. The third and fourth charges should have been given as asked, for the reasons above assigned.

IV. The qualification annexed by the court to the several charges asked, should not have been given. In addition to the reasons above stated, the qualification was erroneous, 1st, because it left the jury to say what constituted an adverse possession, when that is a question of law; 2dly, because it asserts that the defendant's possession must have been " under an adverse claim of title," when color of title was sufficient, and was clearly shown; 3dly, because it confined the adverse possession to the defendant alone, when he had a right to connect his vendor's adverse possession with his own in order to complete the statutory bar; and, 4thly, because it required that the possession should be *notorious*, when there was evidence from which the jury might properly have inferred *notice*, which would have dispensed with the necessity of notoriety.—Authorities last cited. The qualification was,

moreover, too comprehensive, in excluding from the jury a material portion of the defendant's evidence.

I. W. GARROTT, *contra.*—1. The first charge asked was properly refused, because (if for no other reason) it was partly abstract. The title to the land in controversy involved the location of the boundary line between the two sections, embracing both the north-east and the north-west quarters of section 30; while the agreement between Emerson Cockerell and George Brown applied only to the boundary line of said north-east quarter.

2. The second charge asked was also abstract, inasmuch as it assumed the existence of a fact not proved, to-wit, that the plaintiff or his vendor had knowledge of the possession by the defendant and those under whom he claimed.

3. The principle embraced in the several charges asked, is, that a simple possession of land, *per se,* not shown to be adverse, or under claim of title, is sufficient, if continued for ten years, to make the statute of limitations an available defense. The principle involved in the charges as qualified and given, is, that such possession, to be available, must be notorious, uninterrupted, and under an adverse claim of title. It is submitted, that the rulings of the court are correct, and sustained by the following authorities: Herbert v. Hanrick, 16 Ala. 595; Badger v. Lyon, 7 Ala. 567; and authorities cited in Herbert v. Hanrick, *supra.*

WALKER, J.—Emerson Cockerell and George A. Brown were, in 1841, coterminous proprietors, to the extent of the eastern half of the dividing line between sections 19 and 30. Emerson Cockerell and one Richardson were coterminous proprietors to the extent of the western half of that line. Emerson Cockerell and George A. Brown agreed upon a dividing line as far as they were coterminous proprietors, that is, to the extent of one half the section line, measured from the eastern end of it. The land now in controversy extends westward beyond the point at which the line so agreed upon ended. There was

no evidence that the line agreed upon between Emerson Cockerell and George A. Brown extended more than half the length of the dividing line between the two sections. There was, therefore, no evidence upon which a charge in reference to the establishment, by agreement of Emerson Cockerell and George A. Brown, of the northern boundary line of the land in dispute, in its full extent from east to west, could legitimately be predicated. From the agreement between Emerson Cockerell and George A. Brown, no inference of a right to defend the suit as to the entire area in controversy could be drawn, because that agreement only applies to so much of the land as lies east of the middle point on the dividing line between the two sections. For this reason, the first charge asked was partly abstract, and there was no error in the refusal to give it.

[2.] But, if the evidence had justified the charge, or if the charge had not asserted a defense broader than the evidence, the refusal of it would. have been a palpable error. If two coterminous proprietors agree upon a dividing line, and follow up that agreement by the joint construction of a dividing fence, and afterwards occupy up to that fence, the possession is certainly adverse; and, if continued for the period prescribed in the statute of limitations, will confer a complete title. Besides the numerous authorities cited by the appellant's counsel on this point, we refer to Burrell v. Burrell, 11 Mass. R. 294; and Brown v. McKinney, 9 Whar. 567.

The authorities do not all agree as to the effect of a parol agreement for the establishment of a dividing line, followed by possession up to that line, for a period less than is necessary to perfect a bar under the statute of limitations. The defendant has been in possession for the time mentioned in the statute. That question cannot arise in this case, and we pass it without a decision of it. See the authorities upon the briefs, and Boyd v. Graves, 4 Wheat. 513; and Tolman v. Sparhawk, 5 Met. 475.

[3.] The second charge refused by the court places the defendant's claim upon the facts, that there had been for more than ten years before the commencement of the

suit a dividing fence, erected by him and those from whom he derived title, leaving the disputed area on his side; and there had been during that time possession and the exercise of acts of ownership up to such fence by him, known to the plaintiff or his predecessors. A dividing fence may be extended beyond the true line, placing within the enclosure of one coterminous proprietor a portion of the other's land, through mere inadvertence, or ignorance, or from convenience, and with no intention to claim it. In such a case, the possession up to the dividing fence would not be adverse. The point is so decided in Gilchrist v. McLaughlin, 7 Iredell, 310; and Brown v. Gay, 3 Greenleaf, 126.

It must be conceded that the charge is fully sustained by the decision in French v. Pearce, 8 Conn. 439, and in some other cases. But it is wrong upon principle. If a party occupies land up to a certain fence, because he believes it to be the line, but having no intention to claim up to the fence if it should be beyond the line, an indispensable element of adverse possession is wanting. The intent to claim does not exist, and the claim which is set up is upon the condition that the fence is upon the line. Or, if the fence is put over the line from mere convenience, the occupation and exercise of ownership are without claim of title, and the possession could not be adverse. This is the only view of the question which we think can be reconciled with the previous decisions of this court. Herbert v. Hanrick, 16 Ala. 581; Hinton v. Nelms, 13 Ala. 231; Badger v. Lyon, 5 Ala. 567; Benje v. Creagh, 21 Ala. 156; Knight v. Bell, 22 Ala. 198; Harrison v. Pool, 16 Ala. 167; Abercrombie v. Baldwin, 15 Ala. 363; Johnson v. Toulmin, 18 Ala. 50; Cotten v. Thompson, 25 Ala. 671; Bryan v. Weems, 29 Ala. Rep. 423. These authorities show, that the mere possession of another's land is not, *prima facie*, adverse to the true owner. Possession is *prima-facie* evidence of title, and a recovery in ejectment may be had upon it. But, when it is shown that the true title is in another, the intendment in favor of the possession ceases. The law, then, will not presume that the possessor does the wrong of disseizing the true

owner. It devolves upon him the burden of showing the hostility of his possession to the true owner.—Angell on Lim. §§ 380, 384, 385.

The charge does not present the case of two coterminous proprietors building by consent a fence, as the dividing fence between them, and subsequently occupying up to it. In such a case, there would be a clear assertion that such was the dividing line, and that each claimed title up to it; and the intention to claim up to it would be manifest. In such a case, the authorities agree that the possession would be adverse.—Burrell v. Burrell, 11 Mass. 294; Smith v. McAlister, 14 Barb. 434. It would, in such case, be evident, that they claimed the fence to be the dividing line. The law would be the same, if one of the coterminous proprietors should build a fence *as the dividing fence*, and should occupy with a claim, manifested by words or acts, that such was the line up to which his land extended. But neither of those is the case made by the charge.

The third charge asked is obnoxious to the same objections with the second.

[4.] In relation to the 4th charge requested: If the title to the disputed land had vested, by virtue of the statute of limitations or otherwise, in the defendant, the verbal agreement to a survey of the line certainly would not divest the title. The title to real estate, no matter in what way acquired, could not be divested by any such agreement. The agreement was a circumstance to be considered by the jury, in determining the question of adverse possession. Its effect upon the question of adverse possession, and therefore upon the plaintiff's right of recovery, was for the jury. On that account, the court did not err in refusing this charge.

[5.] The court charged the jury, that a possession, to be adverse, must be "notorious, uninterrupted, and under an adverse claim of title." The law is in many books laid down in language equivalent to, and in some identical with, this charge.—Herbert v. Hanrick, 16 Ala. 581–596; Benje v. Creagh, 21 Ala. 151–156; 2 Smith's Leading Cases, top page 562, Amer. Note to Taylor v. Horde ;

Angell on Limitations, 480, § 392. But why is it that notoriety of possession is necessary? The principle asserted in Benje v. Creagh, "that the whole doctrine of adverse possession rests upon the presumed acquiescence of the owner," is undoubtedly correct. Acquiescence cannot be presumed, unless the owner has, or may be presumed to have, notice of the possession. Notoriety and openness of possession are, therefore, important constituents of the adverse possession, as facts upon which the presumption of the owner's knowledge may be predicated.—See the subject discussed in Smith's Leading Cases, *supra;* also, Angell on Limitations, 491, § 398. This notoriety of possession cannot be important or necessary, if in fact the possession was known to the true owner. It could not be requisite for the defendant to prove that his possession was notorious, in order to authorize the presumption of the owner's knowledge, when in fact such knowledge really existed. The evidence in this case conduced to show that the plaintiff knew of the defendant's possession. It was proper for the court in its charge, in such a case, to permit a verdict for the defendant, although the possession was not notorious, if the jury believed that it was known to the plaintiff. This the charge erroneously omits to do.

The judgment of the court below is reversed, and the cause remanded.