BADER vs. ZEISE.

ADVERSE POSSESSION. *Effect of agreeing upon, and occupying to, a divid-
ing line.*

1. If two coterminous proprietors agree upon and establish a dividing line
   between their premises, and actually claim and occupy the land on each
   side of that line, continuously, for twenty years, such possession is *ad-
   verse,* and confers title by prescription.

2. In ejectment, where there was a road along and over the strip of land in
   controversy, and the respective parties or their grantors had built fences
   adjoining the road, each on that side of it on which the body of his land
   lay: *Held,* that if the center of the road was agreed upon and established
   as the true boundary, and each party had claimed and occupied up to the
   fence maintained by him, for twenty years before the action was com-
   menced, he was precluded from claiming a different boundary.

APPEAL from the Circuit Court for *Brown* County.

Ejectment, for a strip of land in lot 4, section 5 of a certain
town in said county. Both parties claimed under one Paul
Fox by grants of adjacent portions of said lot 4, and the ques-
tion was one of the true boundary between them. The answer,
after a general denial, claimed adverse possession in the de-
fendant for more than twenty years.

On the 1st of June, 1849, Paul Fox owned said lot 4, and
lot 3 adjoining it on the west. According to the government
survey, the two lots contained 96.12 acres. In June, 1849,

Fox conveyed to one Deitzler 26.12 acres off the east end of lot 4; describing the land as bounded on the north, east and south, by the north, east and south lines respectively of said lot, and on the west by a line parallel to the east line of said lot, at a sufficient distance west thereof, to include the amount of land so conveyed. Plaintiff derived his title from Deitzler. In 1850, Fox conveyed to one Law 10 acres in a square form in the northeast corner of his remaining land in said two lots. In July, 1852, he conveyed to one Deckner 20 acres out of his remaining tract, between Law's land and his own west boundary. On the same day, he conveyed to the defendant all that remained of lots 3 and 4, "after laying off" the lands conveyed to Deitzler, Law and Deckner; and the amount of land intended to be conveyed to defendant is stated in the deed to be 40 acres.

Plaintiff caused his land to be surveyed in 1872 by one Suydam, who testified for him at the trial. This survey showed that the east boundary of lot 4 was considerably shorter than it was represented by the government survey; that the whole area of lots 3 and 4 was 16 acres less than the latter survey called for; and that a north and south line, run as the west boundary of the Deitzler tract, so as to give plaintiff the full amount of 26.12 acres, would include within his premises a considerable strip occupied by the defendant.

The evidence bearing on the question of adverse possession will not be stated. Its general character will sufficiently appear from the instructions given, and from the opinion, *infra*.

The court refused the following instructions asked by the plaintiff: 1. That it was not for the jury to determine whether the road spoken of in the testimony [viz.: a road along the west line of the land actually occupied by the plaintiff and his grantors], was or was not a public highway; but if they found that defendant claimed title to or was in possession of a strip bounded on the east by the middle line of said road, and on the west by the west line of plaintiff's land as established by

Suydam, and that plaintiff was the real owner of such strip, they must find for the plaintiff. 2. That if they believed the testimony of the witness Suydam, they must find for the plaintiff as to all the land occupied by defendant east of the line of plaintiff's land as established by Suydam's survey. 5. That if they believed that defendant never intended to occupy beyond the true line between his and plaintiff's land, but supposed that he was occupying his own land, and supposed the land occupied by him to contain only the quantity of land conveyed to him by Fox, then his possession was not adverse to the plaintiff. 6. That as defendant claimed under a deed which recited that plaintiff had title to 26.12 acres from the east end of the lot therein mentioned, defendant's possession of any portion of the 26.12 acres was not adverse to plaintiff's claim, unless defendant expressly claimed that he was occupying a portion of the *Bader* tract, or beyond the limit of his own grant. 7. That if the jury believed that the fence on the east line of defendant's land had been moved easterly within ten years, they must find for the plaintiff, at least as to the land between the old and new line of the fence.

The court instructed the jury as follows: 1. That at the time or very soon after Fox sold to Deitzler, as the testimony tended to show, Fox and Deitzler caused a survey to be made, by which the dividing line between the 26.12-acre tract sold to Deitzler and the land adjoining on the west, then owned by Fox, was intended to be established. 2. That while it was true in law, that defendant, by accepting a deed from Fox in which the 26.12 acres were described as having been previously conveyed to Deitzler, must, if he entered into possession of any part of Deitzler's 26.12 acres, be deemed to have entered in subserviency to Deitzler's title, and to hold in subserviency thereto, still this presumption of law might be removed by defendant's showing the contrary by some clear or unequivocal act or claim of title in himself; and that if they found that defendant and Deitzler [Fox and Deitzler?] had said 26.12-

acre tract surveyed off, and that they agreed upon and established the line so surveyed as the dividing line between them, and that each party, viz., said Fox and Deitzler, and their grantees, had occupied and claimed the land on each side of that line accordingly, and that such occupancy and claim had existed for more than twenty years before the commencement of this suit, then neither party could maintain ejectment for land so occupied by the other. 3. That defendant's testimony that he did not claim any more than the land he got from Fox, nor any of Deitzler's land, was to be carefully considered in connection with all his other statements, from which the jury were to say what land he really intended to claim and believed to be his; and that if he really intended to claim all the land up to the old line in the center of the road, believing that his deed from Fox gave him the land up to that line as the west boundary of the Deitzler tract, he was entitled to hold up to the fence on that line, if that line was established as the true boundary line by Fox and Deitzler, and if the owners of the land on both sides had occupied according to that line ever since it was so established.

Defendant had a verdict; a new trial was denied; and from a judgment pursuant to the verdict, plaintiff appealed.

The cause was submitted on the brief of *John C. & A. C. Neville* for the appellant, and that of *Orlo B. Graves* for the respondent.

For the appellant it was argued, 1. That adverse possession must be hostile in its inception, and must be commenced and continued with an intention to claim title to the land occupied, with notice of such claim brought home to the owner (3 Washb. R. P., 123, 126–7, 129; Tyler on Ejectment, 860, 874–5); that the character of the possession is determined by that of the entry *(Quinn v. Quinn,* 27 Wis., 168); that the occupancy claimed must be definite in extent, the land being under actual improvement, and marked by distinct boundaries (3 Washb. R. P., 127, § 22; Tyler on Eject., 888–894; *Smith*

*v. Russ*, 17 Wis., 227); and there can be no adverse *construct-ive* possession except under a deed describing by metes and bounds the land not occupied. Tyler, 895–900; *Pepper v. O'Dowd*, 39 Wis., 538. Defendant's own evidence shows be-yond dispute that when he first took possession (in 1852), no portion of the land was cleared and fenced, except a few acres in the middle of the tract; that he cleared and fenced on all sides of that for several years afterwards; and that he has not been in the actual visible occupation up to the line now claimed by him, more than fifteen years. He also testifies that he "never claimed any of *Bader's* land," and "never claimed any more than his deed from Fox was for." It is competent to show by the declaration of the occupant, that he did not hold adversely (3 Washb., 127, § 23); and a disclaimer of title, made either before or after the statute has run, pre-vents the title from passing under the statute. *Cook v. Long*, 27 Ga., 280; *Long v. Young*, 28 id., 130. Evidence of ad-verse possession must be clear and positive, and must be con-strued strictly, every presumption being made in favor of the owner *(Sydnor v. Palmer*, 29 Wis., 226); and what consti-tutes an adverse possession, and what evidence of it, are ques-tions of law for the court. There being no sufficient evidence of an adverse possession here, the court erred in refusing the third instruction asked by the plaintiff. 2. When two ad-joining proprietors occupy land up to a certain line, supposing it to be the true dividing line, they are not bound by it, but must conform to the true line when ascertained. In such case there is no question of adverse possession. *Brown v. Cockerell*, 33 Ala., 45; *Howard v. Reedy*, 29 Ga., 154; *Men-kens v. Blumenthal*, 27 Mo., 198; *Thomas v. Babb*, 45 id., 384; *Kincaid v. Dormey*, 51 id., 552; *Warner v. Fountain*, 28 Wis., 405. 3. Defendant must be deemed to have entered in subserviency to Deitzler's title, unless either at the time of his entry he expressly claimed a part of the 26.12-acre tract, and actually occupied a part of it, or at some subsequent time

expressly disclaimed holding in subordination to the title of the true owner, and asserted an adverse right, such disclaimer being brought home to the true owner. 3 Washb. R. P., 127–8; 27 Ga., 557; 4 How., 289; 18 Texas, 113; *Quinn v. Quinn*, 27 Wis., 168.

For the respondent it was argued, that where parties have established a line dividing their lands, and have acquiesced in the claim for a number of years, and especially after the running of the statute, the doctrine of estoppel applies. *Baldwin v. Brown*, 16 N. Y., 359; *McCormick v. Barnum*, 10 Wend., 105; *Jackson v. McConnel*, 12 id., 421; *Dibble v. Rogers*, 13 id., 536; 6 id., 467; 3 Johns., 331; 4 Duer, 452; 7 Cow., 467; 14 Barb., 434; *Gove v. White*, 20 Wis., 425; *S. C.*, 23 id., 282. Occupation of land up to a fence on each side is such a possession as, if continued for twenty years, will bar the right of entry of him occupying on the other side, whether the fence is on the right line or not. Angell on Lim., §§ 384, 393; *Burrell v. Burrell*, 11 Mass., 296; *Thackor v. Gardner*, 1 Met., 484; *Brown v. McKinney*, 9 Watts, 567.

COLE, J. This cause seems to have been fairly submitted to the jury under proper instructions. There was certainly evidence which tended to show that the defendant had claimed and occupied the strip of land in controversy adversely, for more than twenty years prior to the commencement of the suit. If the jury found that such was the character of the defendant's possession for that period, the action would be barred. As applicable to the evidence bearing upon that question, the jury were told that, while it was true as a proposition of law, that the defendant, by accepting a deed from Paul Fox, in which the twenty-six and twelve one-hundredth acres previously conveyed to Anton Deitzler [were excepted], must, if he entered into possession of any part of the Deitzler tract, be deemed to have entered in subserviency to the title of Deitzler, and to hold in subordination thereto, still this legal presump-

tion might be removed by the defendant's showing the contrary by some clear and unequivocal act or title in himself. And the learned circuit judge added, that if the jury found the fact to be that *Zeise* and Deitzler had the twenty-six and twelve one-hundredth acre tract, deeded by Fox to Deitzler, surveyed off, and that they did thereby agree upon and establish the line so surveyed as the dividing line between them, and that each party, viz., Fox and Deitzler, and their grantees, have occupied and claimed the land on each side of that line accordingly, and that such occupancy and claim had continued for twenty years or more before the commencement of this suit, neither party holding on one side of the line could maintain an action of ejectment against the party holding on the other side of the line, for any land actually occupied by the other. The proposition would seem incontestible, that if two coterminous proprietors agree upon and establish a dividing line between their premises, and actually claim and occupy the land on each side of that line continuously for twenty years, such possession will be adverse, and confer a title by prescription. There are a number of cases cited on the brief of defendant's counsel to this point, and they might be largely increased. See Angell on Limitations, § 384; *Burrell v. Burrell*, 11 Mass., 293; *Brown v. Cockerell*, 33 Ala., 38; *Brown v. McKinney*, 9 Watts, 565. " The authorities do not all agree as to the effect of a parol agreement for the establishment of a dividing line, followed by possession up to that line, for a period less than is necessary to perfect a bar under the statute of limitations." *Brown v. Cockerell, supra*. But that question is not here. For there had been, or the evidence tended to show that there had been, a practical location and possession up to the line established, for the time mentioned in the statute to bar the action.

It is said that the possession must be hostile or adverse in its inception, and must be continued with an intention to claim title exclusive of any other right. This, undoubtedly, is cor-

Bader vs. Zeise.

rect. In this case it was insisted that the defendant never claimed any part of the twenty-six and twelve one-hundredth acre tract, but claimed only the land conveyed to him by Fox. Upon that question the court, in effect, charged the jury that they were to consider all the statements of the defendant which had been testified to, as to the extent of his claim, and, if the defendant really intended to claim up to the old line in the center of the road, believing that his deed from Fox gave him the land up to that line, there could be no recovery. The testimony tended to prove that there was a road along and over the strip of land in controversy, and that fences had been built on each side of the road, but that the center of the road had been treated as the true line between their respective lots. The charge was intended to apply to this testimony. If the center of this road was agreed upon and established as the true boundary, the parties having claimed and occupied up to the fence on each side for twenty years, they would now, upon well settled principles, be precluded from insisting on a different boundary. The charge of the court laid down substantially this doctrine, and seems to be conformable to the authorities upon the subject.

Several instructions were asked on the part of the plaintiff, which were refused. So far as these instructions were correct, and had any application to the evidence, they were given in the general charge. We can see no error in the record which should reverse the judgment, and it must therefore be affirmed.

*By the Court.*— Judgment affirmed.

RYAN, C. J., and LYON, J., took no part.