### HIATT v. KIRKPATRICK ET AL.

1. **Adverse Possession:** STATUTE OF LIMITATIONS. Where the grantors of plaintiff and defendant had established a division line between them, irrespective of the line established by government, which line had been maintained for more than ten years, *held*, that the possession beyond the government line was adverse, and protected by the statute of limitations.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, APRIL 3.

ACTION to recover a strip of land in the southwest quarter of section 31, township 77, range 15. The plaintiff claims to own the southeast quarter of the quarter section, and the defendants the southwest quarter of the quarter section, and to a fence parallel to and standing about five rods east of the east line of the last described forty. The question is as to

whether the fence is the division line between the parties. The quarter section is fractional. According to government survey, the east eighty is full, and of course the southeast quarter of the quarter section is full. What is denominated as the west eighty is made to sustain all the deficiency. The fence is built upon the middle line between the east and west lines of the quarter section. The strip in controversy is that part of the southeast quarter of the quarter section which lies west of the fence. The plaintiff's claim is based upon a line of conveyances from the original source of title, purporting to convey the whole forty. The defendants' claim is based upon an alleged agreement and occupancy. The court below held that the government line between the two forties should be regarded as the division line between the parties, and rendered judgment for the plaintiff. The defendants appeal.

*John F. Lacey,* for appellants.

*Lafferty & Johnson,* for appellees.

ADAMS, J.—The east eighty was originally purchased by one Benjamin Kirkpatrick of the School Fund Commissioner. He assigned his contract to the plaintiff's grantors, Samuel and Isaac Varney, to whom a patent was issued by the Governor of Iowa in 1855. The west eighty was purchased of the School Fund Commissioner by one Samuel Kirkpatrick, the defendants' ancestor, under whom they derive title. A patent was issued to him by the Governor of Iowa in 1858. The two Kirkpatricks were brothers. Each, before his purchase, occupied the land as a claimant. Each, indeed, bought out a prior claimant. Benjamin bought out one Clark, and Samuel one Hamilton. Clark and Hamilton had made an equal division of the quarter section between them, established a line, and occupied accordingly. Benjamin and Samuel Kirkpatrick recognized the line as the division line, and occupied accordingly. Those holding under

1. ADVERSE possession: statute of limitations.

them, including the plaintiff and defendants, recognized the line as the division line, and occupied accordingly. A short time, however, before the commencement of this action, the plaintiff discovered that the line which had been recognized as the division line was about five rods east of the government line, and he now insists that he is entitled to hold to that line. The defendants claim the strip in controversy by adverse possession.

In *Brown v. Cockerell*, 33 Ala., 45, it was held, that "if a party occupy up to a certain fence because he believes it to be his line, but having no intention to claim up to the fence if it should be beyond the line, an indispensable element to adverse possession is wanting." In *Grube v. Wells*, 34 Iowa, 148, it was held that where the defendant's claim was limited to a lot of a certain number, but his possession extended to and covered a part of an adjacent lot embraced in his inclosure, this did not amount to an adverse possession in the latter. In both these cases it will be observed that the claim of right was not absolute but conditional. In the case at bar, however, a line was established absolutely. It was in no sense conditional or provisional. The Kirkpatricks, it appears, knew that the quarter section was fractional. They must, therefore, be presumed to have known that the government line was some five rods west of the line which they agreed upon. They never intended to respect the government line, for they purchased of Clark and Hamilton respectively, and with reference to a division line which they had established, irrespective of the government line. The defendants then, and those under whom they hold, occupied the land in controversy under an absolute claim. Had they so occupied it for ten years prior to the commencement of the action? We think they had. Prior to 1856 a fence had been built upon the line, which had been agreed upon as the division line. In that year the plaintiff purchased. By agreement between the plaintiff and Samuel Kirkpatrick, who then owned the west eighty, a lane was made between them for a stock road, each

party giving about ten feet for the lane. About ten years afterward the lane was discontinued, and the fence replaced upon the old line. In our opinion, the statute did not cease to run during the maintenance of the lane, even in regard to that part which Samuel Kirkpatrick threw out as a contribution to the lane. It was thrown out for his own use and occupancy, and was occupied by him as essentially as before. We are of the opinion that the plaintiff is barred by the statute of limitations, and the judgment of the Circuit Court must be

