Heinrichs v. Terrell.

HEINRICHS v. TERRELL.

1. **Trespass:** EVIDENCE OF TITLE: DEFECTIVE DEED. In an action for trespass on land, a deed which constitutes a necessary link in the chain of plaintiff's title is admissible in evidence, although the description of the premises is defective; for the defect may be cured by other competent evidence.

2. **Practice:** ORDER OF TESTIMONY: DISCRETION OF COURT: EXAMPLE. The order in which evidence should be introduced is largely in the discretion of the court, and the admission of material evidence at any time during the trial cannot ordinarily be said to constitute error; and so, ordinarily, in an action for trespass on land, it is not error to admit in evidence a deed of the premises made by another to plaintiff, although plaintiff has not as yet shown that such other person had any title.

3. **Trespass on Land:** PROOF OF TITLE NECESSARY TO RECOVERY. Where plaintiff in an action for trespass on land does not allege that he was in possession, but relies wholly upon his ownership of the land, he must show, in order to recover, that he or his grantors obtained title from the general government.

4. **Pleading:** INCONSISTENT DEFENSES: EFFECT OF ADMISSIONS. Under § 2710 of the Code, a defendant may plead inconsistent defenses in the same pleading; and admissions made in one defense are not to be construed as affecting a different and inconsistent defense. See *Barr v. Hack*, 46 Iowa, 308.

5. **Title to Real Estate:** EVIDENCE: DEFECTIVE DEED: AUDITOR'S PLAT-BOOK TO AID. The county auditor's plat book, contemplated by § 1950 of the Code, is not competent evidence to aid the defective description in a deed, by identifying the description and showing that it was well known,—it not being a published map or chart, within the meaning of § 3653 of the Code, nor a certified copy of any record, entry or paper belonging to a public office, as contemplated in § 3702 of the Code.

6. ——: DIVISION LINE AGREED UPON: POSSESSION: STATUTE OF LIMITATIONS. Where a division line is agreed upon by persons owning adjoining real estate, and possession is taken in accordance with such agreement, such possession must be regarded as adverse from the time

it is taken, and, if so held and continued for the period of ten years next succeeding, it will ripen into a perfect title, binding upon the parties and those claiming under them; and when such title is once acquired, continued actual possession is not necessary to preserve it.

*Appeal from Johnson Circuit Court.*

FRIDAY, OCTOBER 24.

THE petition states that the plaintiff is the owner of the following described real estate: "Twenty acres off the north side of twenty-five acres off the south side of lot No. seven, (7,) of section No. thirty-three, (33,) township No. eighty, (80,) north, of range No. six west," and that the defendant entered thereon, and "trod down the grass and dug holes in the ground," to the damage of the plaintiff.

The defendant denied the allegations in the petition, and pleaded that he owned the premises on which the alleged trespass was committed, and that he had been in the actual possession thereof, under color of right and claim of title, for more than twenty years prior to the alleged trespass. The defendant further pleaded that in 1860 one Crum owned the premises described in the petition, and that he and Crum agreed that a certain stone was one of the true corners of said premises, and that Crum relinquished all claim to the land lying east of a line extending south from said stone, and that ever since said time the defendant has been in possession of the land east of said line under a claim of right and title. Trial by jury, verdict and judgment for the plaintiff. The defendant appeals.

*Milton Remley*, for appellant.

*Boal & Jackson* and *Robinson & Patterson*, for appellee.

SEEVERS, J.—I. The Iowa river runs through section thirty-three, and, as we understand, the section was sub-divided into lots by the government. For the purpose of determining certain questions in relation to the admission of evidence, it will be assumed

1. TRESPASS: evidence of title: defective deed.

that the plaintiff owns lot seven, and the defendant lot six. The latter abuts on the former on the east. The real controversy relates to the boundary line between these two tracts of land.

The plaintiff, however, under the issue, assumed the burden of proving title in himself. For this purpose he offered in evidence a deed from John Buck to William Crum, describing the following premises: " Twenty off the north end of lot No. 1, in section thirty-three, township 80, range 6, joining on the south end on five acres of land belonging· to Jacob Mustcher." To the proposed evidence the defendant objected, on the ground that the land described in the deed was not the same as that described in the petition. The objection was overruled, and the deed admitted in evidence.

Lot one, in section thirty-three, as sub-divided by the government, lies north of the river, and lot seven on the south side thereof. But, as we understand, (at least it will be so assumed,) Jacob Mustcher, at the time the deed from Buck to Crum was executed, owned five acres of land in lot seven, which abutted on the land claimed to be owned by the plaintiff on the south " end" thereof. The plaintiff further claims that there was a lot, known as lot one, which constituted a part of lot seven. But we do not understand that a plat of any subdivision of lot seven was ever filed and recorded as provided by law. Jacob Mustcher did not own any land in lot one, as recognized and described by the government survey; and it will be observed that the land conveyed by Buck to Crum is described as "joining on the south end on five acres of land belonging to Jacob Mustcher," and this call in the deed to some extent identifies the land claimed by the plaintiff; but the other call, on the face of the deed, describes other and different land. It is not claimed that the deed is void on the ground of the inconsistent calls or descriptions of the premises conveyed, but merely that the deed fails to describe the land upon which it is alleged the trespass was committed.

We think the deed was admissible in evidence, because it constitutes a necessary link in the chain of the plaintiff's title; and, while the description of the premises is undoubtedly defective, yet we think it not improbable that the plaintiff, by competent and satisfactory evidence, may be able to show that the land described in the deed is the same identical land as that upon which it is alleged the trespass was committed. Whether this was done on the trial below, we do not determine.

II.   The plaintiff further objected to the admission of the deed in evidence, on the ground that the plaintiff had failed to

2. PRACTICE: order of testimony: discretion of court: example.

show title in Buck, under whom the plaintiff claims. The order in which evidence should be introduced is largely in the discretion of the court below, and therefore it could not ordinarily be said to constitute error, if material and necessary evidence is introduced at any time during the trial. But we have looked through the record, and we fail to find that the plaintiff introduced, at any time during the trial, any evidence tending to show title in Buck; and yet he recovered. It must be assumed, therefore, that such evidence was not regarded as being essential.

The plaintiff did not allege in his petition that he was in possession of the premises, but solely relied on the alleged

3. TRESPASS on land: proof of title necessary to recovery.

fact that he was the owner of the land in controversy. To constitute him such owner, he must show that he or his grantors obtained title from the general government. This the plaintiff failed to do, and, therefore, he was not entitled to recover, unless he was not required to trace his title back to the general government, because the defendant pleaded in his answer that Crum, at one time, owned the premises, and the plaintiff now owns whatever title Crum had.

But the defendant had the right to plead inconsistent defenses in the same pleading. Code, § 2710. Admissions

4. PLEADING: in one defense are not to be construed as affecting
inconsistent
defenses: a different and inconsistent defense. *Barr v.*
effect of ad-
missions. *Hack*, 46 Iowa, 308. The defendant was entitled
to the full benefit of each defense. The plaintiff, therefore, having failed to show title in himself, was not entitled to recover.

It will be assumed, however, that he can, on another trial, show that Buck had title, and therefore it becomes necessary to determine other questions presented in the arguments of counsel.

III. The plaintiff offered in evidence the plat-book kept by the county auditor, contemplated in Code, § 1950.
5. TITLE to Against the objection of the defendant, the court
real estate:
evidence: de- permitted the evidence to be introduced. The
fective de-
scription: au- plat-book showed that there was a lot one, which
ditor's plat-
book to aid. constituted a part of lot seven, and that the land
claimed by the plaintiff was described on the plat-book as lot one. The book was admitted, as shown by the transcript, for the "purpose of proving that the sub-division was well known, and to identify the description as made therein." The effect of the evidence was in aid of the defective description of the premises in the plaintiff's paper title. It tended to show that there was a lot one in lot seven, and the question is whether the plat-book was admissible for this purpose.

It is provided by statute that "historical works, books of science or art, published maps or charts, when made by persons indifferent between the parties, are presumptive evidence of facts of general notoriety or interest." Code, § 3653. It is insisted that the evidence was admissible under this statute; but we think otherwise. The books and maps referred to in the statute are such as are published for circulation among the people generally. The book, map or chart must be published, in the broad sense of that term; that is, printed, or otherwise published, so that the presumption will follow that its contents are, or may be, generally known. Compiling and filing a record in a public office or place is not such a publication as is required by the statute.

It is further insisted that the plat-book is a public record, and therefore admissible under the rule stated in 1 Greenleaf Ev., §§ 483, 484. What is now section 1950 of the Code became a law in 1866, and constituted a part of chapter 61 of the Acts of the Eleventh General Assembly, entitled "An act for the transfer of real estate, to regulate the assessment thereof, and facilitate the collection of revenue." The only object of the statute, as will appear by an examination of the chapter, was to facilitate the assessment of property and the collection of taxes. For the purpose of compiling the book, the statute assumed that whoever paid taxes on real estate for the prior year was the owner; and when conveyances were thereafter made, changes were made on the plat-book by the erasure of a name, and writing the name of the grantee with a pencil across the piece of land, as designated on the plat-book, which, in the opinion of the auditor, had been conveyed. Such a book should not have any effect on private rights, unless specially so declared by statute, for the reason that it does not constitute the best evidence obtainable. The book, at most, is but a copy of the deed, and, if the deed is in existence, it clearly constitutes the best evidence as to what land is thereby conveyed.

It is further insisted that the plat-book was admissible as evidence, under Code, section 3702, which provides that duly certified copies of all " records and entries, or papers belonging to any public office," shall be " evidence in all cases, of equal credibility with the original record, or papers so filed." Conveyances of real estate are not filed and kept in the office of the county auditor, nor are they recorded in his office. They are, however, recorded in the office of the recorder, and such officer only is authorized to certify to a copy of a record in his office. Besides this, the plat-book is not a copy even of so much of a deed as contains a description of the premises, but the most that can be said is, that it states what premises, in the opinion of the auditor, were conveyed. It is not, therefore, a copy, but an original document compiled by such offi-

cer. We think the court erred in the admission, as evidence, of the plat-book.

IV. There was evidence tending to show that Crum, under whom the plaintiff claims, in 1860 owned the land claimed by the plaintiff, and that a survey was then made, and the boundary line between the premises of Crum and the defendant thereby ascertained, and that such line was agreed upon as the true boundary line between their respective tracts of land; and there was evidence tending to show that the defendant then entered into possession of the disputed parcel of land in accordance with the agreement. The court instructed the jury that such agreement would bind Crum and his privies, but would not be binding on the plaintiff, unless the jury found that the defendant held actual, open and notorious possession for a period of ten years next preceding the plaintiff's purchase.

*——: division line agreed upon: possession: statute of limitations.*

Where a division line is agreed upon by persons owning adjoining real estate, and possession is taken in accordance with such agreement, we think such possession must be regarded as adverse from the time possession is taken; and, if so held and continued for the period of ten years next succeeding, it will ripen into a perfect title, binding upon the parties and those claiming under them. In *Bader v. Zeise*, 44 Wis., 96, it is said: "The proposition would seem to be incontestible that, if two coterminous proprietors agree upon and establish a dividing line between their premises, and actually occupy the land on each side of that line for twenty years, (in this state the period is ten years,) such possession will be adverse, and confer a title by prescription."

In the case at bar, it is certain that Crum could not, after the expiration of such period, have maintained an action to recover the land so occupied. *Hiatt v. Kirkpatrick*, 48 Iowa, 78. The defendant having obtained title by adverse possession, such title must be presumed to continue until it is divested in some manner recognized by law. Such a title

may be sold and conveyed, and Crum could do nothing which could in any manner impair it.

Having title, the defendant 'must be deemed to be in possession, and his actual occupancy is not essential to the continuance of such title. If it is, then such possession must be open and notorious, for all time. It seems to us that it cannot make any difference how the title is acquired, if the right has become vested. Such a title, however, may become vested in another by adverse possession. That portion of the charge of the court under consideration is, therefore, erroneous.

There are other errors assigned and argued by counsel, which have not been considered, because they are not deemed essential to a proper determination of this case on a retrial.

REVERSED.