(76 South. 297)

PALMER TERRACE REALTY CO. v. SCURLARK. (6 Div. 370.)

(Supreme Court of Alabama. June 14, 1917.)

ADVERSE POSSESSION ⬠114(1) — BETWEEN COTERMINOUS OWNERS.

Evidence *held* insufficient to establish title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682, 683.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by the Palmer Terrace Realty Company against Dillard Scurlark. Decree for defendant, and complainant appeals. Reversed and remanded.

Haley & Haley, of Birmingham, for appellant. W. S. Burrow, of Birmingham, for appellee.

SAYRE, J. The transcript and the evidence are in a badly confused state. Our best attention to the case thus presented has led to the conclusion that appellee, Scurlark, has a good title to a lot, the east line of which, when properly laid down, will intersect the south line of Fulton avenue in the Finney & Jones survey or addition to Ensley 64 feet to the east of the present undisputed west line of his lot. The east line of said lot, commencing from the point indicated, runs due south to the south line of block 1 of the Finney & Jones survey, as shown by the map contained in the transcript of the record in this cause. Relief should have been granted on complainant's (appellant's) original bill, enjoining defendant, Scurlark, from maintaining any obstruction (outside of his lot as thus defined) in Cecile avenue or Shortridge street, as shown by the map of the Palmer Terrace addition to Ensley, on record in the office of the judge of probate of Jefferson county, as shown by the original bill in this cause. Scurlark's title to the lot described as above should have been adjudged and settled in his favor as against any claims of the Palmer Terrace Realty Company.

The original bill in this cause was filed by appellant, as owner of the Palmer Terrace addition to the city of Ensley (now a part of the city of Birmingham), to prevent the maintenance by defendant of an obstruction in a street which complainant (appellant) had dedicated to the public. Defendant owned a lot in an adjoining addition or survey (the Finney & Jones survey), and his lot, as claimed and occupied by him, projected over and across the street which had been laid out by complainant. The dispute between the parties has arisen out of an error in the survey by and according to which the streets in the Finney & Jones tract were laid out. Whatever may have been the indicated dimensions of defendant's lot—probably its front was 50 feet, but that part of the map on which it was shown has been worn away, and his deed describes the lot by number only— he took nothing on complainant's side of the line, and the street in question was laid out on complainant's property. Very clearly, then, without dispute it may be said defendant has no title to any land lying east of the dividing line between the two tracts, which is a government quarter section line, and by his claim of land to the east of that line—we speak of the true line—he assumed the burden of proving his continuous adverse possession for some period of 10 years or more. Of the lot claimed by defendant that part lying to the east of the line which we have designated as his eastern boundary, except a narrow strip 4 feet wide at its upper end, has been without fence until within a short time

before this bill was filed. The fence maintained by defendant on the east side of his inclosure stood approximately on the line we have indicated as the line which should have been established by the decree. The remainder of the lot claimed to the east was uninclosed. It appears that a long time ago some one had set posts to inclose the east side of the lot as now claimed by defendant; but these posts were not connected, and whatever significance might be attached to them as of themselves being sufficient to establish a title by adverse possession, they amount to nothing in this case, for the evidence shows that on several occasions, distributed throughout the period in dispute, defendant's attention was called, by complainant and those under whom it holds, to the fact that the fence nearest his house, which included only 4 feet of the land in controversy, was not on the true line, that he disclaimed any right to the land east of the quarter section line, and on more than one occasion said that he would remove the fence back to the true line, which on these occasions was pointed out by complainant or its predecessor in title, or by some one acting for them, thus bringing his case within the influence of Brown v. Cockerell, 33 Ala. 38, and numerous cases which have followed in that line. Defendant has failed to maintain his claim of title by adverse possession to any part of the lot now claimed by him and lying to the east of the line indicated in the opening paragraph of this opinion. It results that the decree must be reversed, and the cause will be remanded, with directions that a decree be rendered in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.