## JONES V. HOCKMAN.

1. STATUTE OF LIMITATIONS. A mere possession without color of claim of an adverse title, will not enable a defendant in an action of right to avail himself of the statute of limitations.
2. ADVERSE POSSESSION. To constitute a possession adverse it must be held under a claim of title.
3. FILING OF BILLS OF EXCEPTIONS. The Supreme Court will consider a bill of exceptions which was taken at the proper time. and ordered by the court to be made a part of the record, without regard to the time the bill was filed by the clerk.
4. PRACTICE IN THE SUPREME COURT. An objection to a bill of exceptions on the ground that it was not properly made a part of the record in the court below, should be presented in the Supreme Court by motion to strike it from the record before the cause is submitted.

*Appeal from Lee District Court.*

TUESDAY, JUNE 17.

ACTION of right for certain lands which constituted a portion of the "Half Breed Tract" in Lee County. The defendant pleaded the statute of limitations. The plaintiff established on the trial a complete chain of title from the government to himself. It was shown on the part of the defendant, that, eighteen or twenty years before the commencement of the action, one Roland entered into the possession and commenced the improvement of the land in controversy; that he sold to one Gage; that Gage sold to Morris; that Morris sold to Barnes; that Barnes sold to McCarty, and McCarty sold to defendant, who had been, at the commencement of the suit, in possession about three years, during which time he exercised. acts of ownership over the premises. It was further shown that defendant's. grantors did not claim the fee simple, but occupied under what was termed a "settler's right."

On the defendant's motion the court instructed the jury: "Possession continued for a great length of time by the defendant, and those under whom he claims, before suit was. brought, is competent evidence for the jury of the posses-

sion being adverse; and if the possession, furthermore, was not under the owner's title, but in disregard and opposition thereto, the possession was adverse in law, and such as would cause the statute to begin to run." The court refused to instruct the jury as follows: "In order to sustain the defense of the statute of limitations, pleaded by defendant, he must show that he held the land under a claim of ownership of the soil, to-wit: a fee simple title as against all persons; and a mere occupancy or holding of the land without any such claim of ownership, will not sustain the plea of the statute of limitations."

Verdict and judgment for the defendant, and the plaintiff appeals.

*J. M. Beck* and *D. F. Miller* for the appellants.

From the elaborate argument of *Mr. Beck* we extract the following points and authorities:—

I. The Statute of Limitations is not available as a defense, unless the defendant has had the *actual adverse* possession of the premises in question, for the time limited by the statute in which the action may be commenced. *Wright* v. *Keithler*, 7 Iowa 93; Angel on Lim. 467; 3 Cruise Dig. 467.

II. What is meant by the term *"adverse possession,"* and who are said to be in the "adverse possession of lands?"

1. The term is a modern one, and its import and meaning may be better understood and explained by reference to English decisions upon the Statute of Limitations, and by considering the common law terms used in those decisions.

2. Who, under the English decisions, could have the benefit of the Statute of Limitations? "The Statute of Limitations does not bar a man but when there is an actual disseisin. 3 Lord Raymond 830. (*Reading* v. *Rawstern.*) "Disseisin is where a man enters into any lands or tenements where his entry is not *congeable* (i. e.) done with per-

mission or leave, (Bouvier's L. Dic.) and ousts him who has the freehold." 2 Bac. Abr., 678.

3. "A disseisin is where one enters *intending* to usurp the possession and *oust another* of the freehold." Co. Litt. 153.

4. By the Common Law, one was invested of a freehold by *livery of seisin*; he was divested of such estate by *disseisin*.

5. It will be remarked that the term disseisin does not apply to the possession of the lands only, nor does the term seisin apply to the possession only; they both apply to the title or tenure of the lands held by the tenant seised, or one disseised. One put in possession of land as a tenant for years or at will, would not receive that possession by the ceremony of livery of seisin; neither could it be said that one usurping his possession is a disseisor. Disseisin, then, is depriving the tenant of his tenure, and with that intent usurping the possession—the setting up of a claim or title to the land, and under that claim entering into the possession thereof.

6. In case of disseisin, then the disseisor claimed title also; here was a contest of titles—an existence of *adverse claims*. The disseisor, when in possession of the land, held it by or under his title, which was adverse to the disseieised; his possession was held under his title, and of course was an adverse possession.

7. The first use of the term, adverse possession, I find, is in *Campbell* v. *Wilson*, 3 East 302, and it is applied there to a right of way which was enjoyed and possessed adversely as to the owner of the land for twenty years, which was held as evidence of a grant. After this case, which is often quoted, the term seems almost entirely to have superceded the older and strictly technical word, "disseisin."

8. The two terms are almost synonymous, and the former, i. e. adverse possession, is most generally used in all cases I have consulted arising under the Statute of Limitations.

The best definition of the terms I have seen is found in Angel on Limitations, page 473, and is in the words: "disseisin and adverse holding, is an actual, visible and exclusive appropriation of land, *commenced* and continued under a claim of right." This definition is sustained by the cases hereinafter quoted.

III. Entering upon land under *pretence of title*, or under *claim* hostile to the true owner, constitutes adverse possession: *Brandt ex dem. Wolton* v. *Ogden*, 1 John. 155; *Jackson ex dem. Griswold* v. *Bond*, 5 Ill. 230; *Jackson ex dem. Bonnel et al.* v. *Sharp*, 9 Ill. 162; *Kenebeck Purchase* v. *Springer*, 4 Mass. 416–418; *Boston Mill Corporation* v. *Bulfinch*, 6 Ill. 229; *Kenebeck Purchase* v. *Labaree*, 2 Greenl 275.

IV. Quiet possession of land is not adverse holding. *Pejepscot Proprietors* v. *Nichols*, 1 Fairfield (10 Maine) p. 259. Angel on Limitations 478.

V. Squatters on land claiming no interest in it, hold under the legal title and not adversely. *Bell* v. *Fry et al.*, 5 Dana 344–5.

VI. Adverse possession can in no case exist unless there rests with the possession a claim on the part of the possessor of title or right. Whatever may be the length of time, the land may be occupied; however quiet may have been the occupancy; whatever may have been the acts of ownership exercised, unless the possessor set up some claim of title or right, he will not have an adverse possession. *La Frombois* v. *Jackson*, 8 Cow., 596; *Bradstreet* v. *Huntington*, 5 Pet., 440; *Jackson* v. *Wheat*, 18 John., 44; Angel on Lim., 476; *Jackson ex dem. Sparkman* v. *Porter*, 1 Paine (C, C.), 467; *Ricard* v. *Williams et al.*, 7 Wheat., 59. The *quo animo* is the test of the adverse possession—the intention to assert some claim or right to the land inconsistent with, and hostile to, the owner's title. Without this adverse claiming, there can be no adverse holding. See the authorities last quoted.

VII. Another well understood principle of the law is applicable to the case at bar, namely: Every person is in the legal seisin of lands who has title thereto, and this seisin continues until he is ousted by one under claim of title, or, in other words, possession of property follows the title, and so continues until an adverse possession is made out. *Jack-*v. *Selleck*, 8 John., 270; *McIver* v. *Regan*, 2 Wheat. 24; *Frambois* v. *Jackson*, 8 Cow., 589; *United States* v. *Arredondo*, 6 Pet., 742.

VIII. His possession will give the defendant then no benefit of the Statute of Limitations unless it was begun, or taken and held under a claim of title. If it began as a trespass and is continued by permission, or the negligence of the owner of the soil, the legal seisin is by the law presumed never to have been disturbed, and the holder of the land is presumed to occupy it under the real owner. He is in fact a tenant holding the land at the pleasure of him in whom the fee rests. See *Bell* v. *Fry*, 5 Dana, 344–5, and the authorities last quoted.

IX. Possession accompanied with a claim of ownership in fee may be deemed *prima facie* evidence of such an estate. In such a case it is not the possession alone, but that it is accompanied with the claim of the fee, which gives this effect by construction of law to the acts of the party. Possession *per se* is evidence of no more than the mere fact of present occupation by right. Hence the declarations of the party in possession are always admitted to show the extent and nature of the case; it must depend on these collateral circumstances to ascertain the extent of his interest. *Jackson ex dem. Sparkman* v. *Porter*, 1 Paine (C. C.), 467; *Ricard* v. *Williams et al.*, 7 Wheat., 59.

X. The filing of bill of exceptions is not evidence of the time when it was taken. *Bennett* v. *Davis*, Morris, 364; *Claggett* v. *Gray*, 1 Iowa 22.

XI. Adverse possession must be *clearly and strictly proven*, for the presumption always is that the possession is in ac-

cordance with the regular title *until* there is clear and positive evidence to the contrary. *Fete* v. *Doe*, 1 Blackf. 129.

XII. An offer to purchase the land by the one in possession will disprove his adverse holding. 1 Hilliard Real Prop., 86.

*Noble & Strong, Clagett, Brown & Clagett* and *F. Simple*, for the appellee.

1. It is well settled that when there has been a possession of land continued for a great length of time, it is a fact which may be submitted as competent evidence to a jury to show the possession adverse. *Nickel* v. *McFrelane*, 3 Watts, 165; *Butts* v. *Ihie*, 1 Rawle, 220; 2 Smiths L. C. 497, and the cases there cited.

2. This court cannot consider the ruling of the court upon the instructions asked by plaintiff and refused by the court below. The bill of exceptions was not filed until after the expiration of fifteen days, and recites that the plaintiff, "excepts" to the ruling of the court in refusing said instructions; *McKell* v. *Wright, Evans & Co.*, 4 Iowa, 504; *Talty* v. *Lusk*, Ib. 469; *Rawlins et ux.* v. *Tucker*, 3 Ib., 213; *Lewis* v. *Dietrich*, Ib. 216; *Brewington* v. *Patton and Swan*, 1 Ib. 121; *Christenson* v. *Gorsch*, 5 Ib., 375; *Gover* v. *Dill*, 3 Ib., 337; *Hall* v. *Denise*, 6 Ib., 534; *The State of Iowa* v. *Burge*, 7 Iowa, 255; *The State of Iowa* v. *Maurer*, Ib. 406.

BALDWIN, J.—Action of right. It is conceded that the evidence introduced upon the trial in the District Court fully shows the fee simple title to the land in controversy to be in the plaintiff. The defendant rests his claim to the possession of the property upon the fact that he has been in the peaceable and uninterrupted possession of the same for ten years prior to the commencement of this action, or in other words, that the right of plaintiff's recovery has been barred by the statute of limitations. The defendant does

not claim that he has held the property by any title adverse to that of plaintiff, and the question presented is, whether the mere possession without color or claim of title, is such a possession as will enable the defendant to avail himself of the statute of limitations.

Was the possession relied upon by the defendant inconsistent with the right of plaintiff? In order to bar the plaintiff's right of recovery, there must have been some claim of title adverse to his; something against which the statute could operate. The legal title being conceded to be in plaintiff, the law adjudges the right of possession to follow such title. "The law deems every person to be in legal seisin and perfect and complete title; and this seisin and possession, is co-extensive with his right, and continues until he is ousted thereof by *an actual possession* in an other, *under a claim of right.* The fact ·of possession *per se,* is only an introductory fact to a link in the claim of title to possession, and will not, simply of itself, however long continued, bar the right of entry of him who was seized, and of course, creates no positive title in any case." Angel on Lim., § 384. If one enter on the land of another without any title, or claim or color of title, the law adjudges the possession to be in subservience to the legal owner, and no length of possession will render the holding adverse to the title of the owner. *Jackson* v. *Thomas*, 16 John. 293.

The principle upon which the statute of limitations is predicated, is not that the party in whose favor it is invoked, has set up an adverse claim for the period specified in the statute, but that such adverse claim is *accompanied* by such *invasion* of the rights of the opposite party as to give him cause of action, which, he having failed to prosecute within the time limited by law, he is presumed to have extinguished or surrendered. 11 Gill & J., 371.

In the case of *Wright* v. *Keithler*, 7 Iowa, 92, STOCKTON J., in delivering the opinion of the court, said: "The defendant offered to prove, 'that himself and those under

whom he claimed, had had actual and continued possession of the land described in the petition, for more than ten years prior to the commencement of this suit.' This testimony was objected to by the plaintiff, and excluded by the court. Would the testimony, if admitted, have constituted a good defense to the action? In the terms in which it is stated, we think it could not. It is not stated that the testimony offered would have shown an adverse possession, and it must have been an adverse actual possession in defendant, and those under whom he claimed, in order to be available as a valid defense to the action."

We think this question thus determined must be decisive of the one under consideration. There must be *an adverse actual possession* in order to avail the defendant under his plea. To constitute an adverse possession, there must be some claim or color of title under which the defendant has in good faith supposed he had a right to the property, and under which he continued in possession.

It is claimed by the counsel for appellee, that no exceptions were taken by the plaintiff to the giving and refusing of the instructions of the court, at the time, and that appellant, therefore, cannot insist upon such ruling as erroneous. It appears from the record before us, that exceptions were taken at the the time, by the plaintiff, to the refusal of the court to give the instructions asked by him. The time when the bill of exceptions was filed by the clerk is immaterial, if it appears that such bill of exceptions was ordered by the court to be made part of the record. Even if the law required the exceptions to be filed at the time taken, the defendant having had an opportunity to inspect the record, and to purge it of any papers improperly here, and having failed so to do, it is too late, after submission, to make this objection.

The instruction which the court refused to give, as asked for by plaintiff, and marked "3½," presented fully the ques-

tion above discussed. The court, by denying this instruction, refused to say to the jury that "the possession cannot be adverse unless the occupant claims title to the soil." This instruction should have been given.

Judgment reversed.