## FOULKE v. STOCKDALE ET AL.

Statute of Limitations: BOUNDARY LINE: REFEREES. Where two parties who owned adjacent tracts of land submitted the determination of their boundary line to referees and accepted the line fixed by them, but failed to describe it correctly in their deeds, it was *held*, that possession for more than ten years in accordance with the line fixed by the referees would bar an action by one of the parties to recover a piece incorrectly embraced in his deed.

*Appeal from Muscatine Circuit Court.*

MONDAY, DECEMBER 14.

ACTION to recover the possession of certain land described in the petition. The defendants set up title to the premises. There was a trial to the court without a jury, and judgment for plaintiff. Defendants appeal. The facts material to an understanding of the point ruled in the opinion are found therein.

*Richman & Carskadden*, for appellants.

*Hanna & Fitzgerald*, for appellee.

BECK, J.—The controversy between the parties involves the correctness of their conflicting claims as to the precise division line between their respective lands, which are adjacent. The grantors of the respective parties, in 1856, in order to arrange their separate lots in a shape that would better suit the convenience of each, chose referees to agree upon a line for that purpose. The referees entered upon the duty assigned them and marked out a line by stakes, or other monuments, which was satisfactory to both parties. Plaintiff's grantor soon after erected a fence on this line and planted trees near it, and the owners of the respective lots regarded the fence as the division line until about two years before this suit was brought, when defendants removed the fence north upon what they now contend is the true division line of the lands of the parties. The boundary of the land, as claimed by defendants, is that called for by the deeds made to carry out the division or arrangement of the shapes of the respective tracts as settled by the referees. This line is described as being at right angles with a certain street, which constitutes a boundary of both tracts. But the line settled by the referees is not at right angles with the same street, but deflects westwardly; this, together with a slight variance between the parties as to the corner at the street, leaves a small quantity of land, a trapezoid in figure, of inconsiderable breadth and about 155 feet in length, which is the subject of this suit.

That defendants' claim is supported by the deeds and surveys under them, may be admitted. But we think it cannot be denied that plaintiff's occupancy based upon the action of the referees, and assent of defendant's grantors, so long acquiesced in by all concerned, gives him the right to the land. Plaintiff's occupancy was under a claim of right and title to the land in dispute. It was not under a misapprehension of the boundary line; that was settled by the agreement approving the action of the referees. It clearly appears to us that there was no mistake by the parties as to this matter, under which the occupancy was held. The mistake was in the deed, which failed to describe the line as agreed upon and fixed by monuments. Plaintiff and his grantors then were in

possession of the land under claim of title adverse to defendants and their grantors; this possession was for a time greater than the period fixed by the statute as a bar to actions for real estate. He is therefore entitled to hold possession of the land.

The facts of the case do not bring it within the rule recognized in *Grube v. Wells*, 34 Iowa, 148. The land in dispute in that case was held under a claim that it was within the boundaries of the lot to which the possessor had title. Its line was not claimed to be the division line between the adjacent tracts under any agreement or settlement touching the same. The mistake of the party was as to the true line fixed by the surveys, and no claim of right extended beyond the line recognized in the paper title; no claim was made to land beyond that line. We held in that case the claim of right must be as broad as the possession to constitute the adverse holding, which will be protected by the statute, and that as the possessor's claim was limited by the line fixed in his paper title, he could not hold the land beyond it. The distinctions between the facts upon which that decision is based and those before us are obvious, and the discrimination of the principles applicable to each case is no more difficult.

The case at bar is not unlike, in its facts, *Burdick v. Heivly*, 23 Iowa, 511, wherein this court held that an agreement between the owners of land as to the boundary line of adjoining tracts, though it did not correspond with the line established by the survey and recognized in the deeds under which the respective parties held, followed by possession and claim of title corresponding therewith, entitled the possessor to the protection of the statute of limitations. The facts of that case, however, do not so forcibly demand the application of the rule recognized, as those of the case before us. The plaintiff in the case at bar claims title, under which he held possession, to a line established by agreement of the owners of the adjoining tracts as the true division line. No line had been in any way established before this, and the agreement was intended to establish a line, not to determine the boundary before established. The monuments fixed by the referees marked this

line, and the deeds then executed were intended to describe it and thus to follow the agreement.

The judgment of the Circuit Court is well supported by the facts of the case, and accords with the rules of the law applicable thereto.

AFFIRMED.