JOHN METTE v. THEODORE FELDMAN.

*Destruction of deed—Suit on bond given for payment of partnership debts.*

Destruction of an unrecorded deed does not revest title in the grantor, but only deprives the grantee of the means of proving his title.

Certain lands belonging to an individual partner were included as assets in the partnership articles, and the firm gave a mortgage on them. The owner drew up a deed conveying an undivided half of them to his partner, but it was not recorded and he afterwards destroyed it and took up the mortgage with partnership notes. When he went out of the firm he took a bond from his partner binding the latter to pay all partnership debts, and gave him clear title to the lands, which the partner bought with the other assets. *Held,* that by destroying the former deed he would have been estopped from enforcing payment of the notes but for the subsequent conveyance of clear title, after which the notes constituted a liability enforceable by suit on the bond.

ERROR to the Superior Court of Detroit. Submitted October 28. Decided November 10.

DEBT on bond. Defendant brings error. Affirmed.

*Atkinson & Atkinson* for plaintiff in error. Assenting to the destruction of a deed estops one from asserting it: *Gugins v. Van Gorder* 10 Mich. 523.

*Otto Kirchner* for defendant in error.

CAMPBELL, J.   In this case Feldman sued Mette on a bond conditioned to pay the debts of a firm of which they had been partners, but whose assets were sold to Mette.   The sale included the premises occupied by the firm, the title of which had been entire in Feldman, and he gave a deed on the sale conveying a clear title.

The articles of partnership set out the land as forming part of the assets.   At that time there was a mortgage on the land, which, it was admitted by Mette on the trial, was a firm liability.   After the firm was organized Feldman conveyed one undivided half of the land to Mette, but the deed remained in a desk unrecorded.   Shortly before the dissolution the partners quarreled, and Feldman destroyed the unrecorded deed, and about that time gave two notes of the firm to take up the mortgage, and, as he admits, did so for the purpose of destroying the title.

The defense rests on the ground that this estopped Feldman from claiming these notes to be a partnership obligation.

The destruction of the deed did not revest the title in Feldman, but it deprived Mette of the means of proving his title.   If things had remained in that shape, we think that Feldman would have been estopped from calling on Mette to pay the notes until he had made him good.   But the subsequent conveyance of a clear title before the bond of indemnity was given removed this difficulty.   Mette received the consideration, and the deed secured him in its enjoyment. The notes were given to cancel a lien which he had originally recognized, and which was a charge on the firm by mutual understanding.   They were, therefore, very clearly partnership obligations for all purposes, and he was rightly held bound to pay them.

The judgment must be affirmed with costs.

The other Justices concurred.