TRACY v. NEWTON ET AL.

1. **Adverse Possession:** CLAIM OF TITLE. Where parties agreed upon and fixed a boundary line between their premises, which by mistake was two rods north of the true line, and plaintiff took possession, as owner, up to such agreed line, and held continuous possession thereof under a claim of title, for more than twenty years, he acquired a valid title to said strip by adverse possession.

*Appeal from Guthrie Circuit Court*

WEDNESDAY, DECEMBER 7.

ACTION to quiet the title to a piece of real estate, two rods wide and eighty long, in the east half of the south-west quarter of section six, in township, seventy-nine, north of range thirty-one west. The plaintiff's claim is based on his actual and adverse possession for a period of twenty years under a claim of title. The defendants claim under a conveyance made by the plaintiff to E. B. Newton. Judgment for the plaintiff and defendants appeal.

*C. Haden*, for appellants.

*E. W. Weeks* and *Lyman Porter*, for appellee.

SEEVERS, J.—We understand the facts to be that in 1853 or 1854 the plaintiff purchased of the general government the southwest quarter of section six, in township seventy-nine, north of range twenty-one west, and a patent was afterward issued to him therefor. At the time of the purchase it was agreed between the plaintiff and E. B. Newton a town should be laid out on a part of the land, and such portion was to be conveyed to Newton. "Such portion was selected and the south line of the town was to be the plaintiff's north line and such line was supposed to commence at a point forty-four rods north of the southeast corner of said southwest quarter.

The plaintiff in 1855 conveyed to Newton a parcel of land, commencing at the place aforesaid and running thence north 1. ADVERSE possession: claim of title. eighty rods, thence west eighty rods, thence south eighty rods, and thence east the same distance to the place of beginning. The place of commencment was not accurately ascertained, that is, from the corner aforesaid. The distance was "stepped" and it was supposed by the parties to be forty-four rods. It has now been ascertained to be forty-six rods. The land to be conveyed, however, was accurately designated, certain natural mounds aiding the parties in determining the south line of the proposed town. When the plaintiff made the conveyance he supposed, there was left in the southeast quarter of the southwest quarter only twenty-two acres of land, and when he took possession in 1855 he supposed there were that number of acres only and he has paid taxes thereon. But he in fact took possession up to the south line of the town and there are twenty-three instead of twenty-two acres in his possession. Such possession was taken under a claim of title and the same has been continuous and adverse. Notwithstanding such is the case the appellants

claim he cannot recover and *Jones v. Hockman*, 12 Iowa, 101, and *Grube v. Wells*, 34 Id., 148, are cited in support of such claim.

In the former case the defendant was a settler on what he claimed to be half-breed lands. Neither he nor those under whom he claimed entered into possession under a claim of title. The latter case is distinguishable. The defendant was the owner of lot one in Wood's subdivision in the city of Burlington, and entered into possession thereof. In so doing he set his fence about fifteen feet over on the adjoining lot which was unoccupied. It was found he only intended to take possession of lot one. When he in fact took possession of a portion of the adjoining lot he did not do so under a claim of right or title but intended and believed he was only taking possession of lot one.

In the present case the plaintiff and Newton agreed upon a certain line as being the true division line between the premises conveyed to the latter and the land belonging to the plaintiff. The plaintiff took possession up to such line under a claim that he owned all the land in the quarter aforesaid south of such line. It is not essential such possession should have been taken under color of title. A claim of title it has been held is sufficient. *Hamilton v. Wright*, 30 Iowa, 480.

More than twenty years before the commencement of this action, the plaintiff and Newton agreed upon the dividing line and the former took possession accordingly. He did so in reliance on the agreement and under a claim of title. Ever since that time his possession has been continuous and adverse.

Now, it has been held "when lands of adjacent owners are divided by a partition fence not on the true line, and one of such owners claims and cultivates up to the fence as the true line (with the knowledge and consent of the other), though it is in fact beyond it and on the land of his neighbor, for a

period of ten years, his possession will be held to be adverse under a claim of right." *Brown v. Bridges*, 31 Iowa, 138.

In *Hiatt v. Kirkpatrick*, 48 Iowa, 78, there was a division line upon which the former owner had agreed and occupied accordingly. It was held the possession so taken and held was protected by the statute of limitations. See, also, *Meyer v. Weigman*, 45 Iowa, 579. The case at bar comes within the rule established in the cases last cited. The fact that plaintiff supposed he only owned twenty-two acres south of the line agreed upon is not deemed material, as he took posession up to such line and that fact must govern instead of the former. Having noticed the points insisted upon by appellant the result is the judgment must be

AFFIRMED.