No. 10,712.

## MAIN v. KILLINGER.

BOUNDARIES.—*Survey.—Evidence.*—Where adjoining land-owners cause the division line between them to be surveyed and established, such survey conclusively establishes such line, and is binding alike upon them and all who claim under them.

SAME.—*Agreement.—Possession and Occupancy.—Title.—Prescription.*—When such proprietors agree upon a division line, and one takes possession and occupies the land to such line, peaceably and undisturbed, under claim of title, for more than twenty years, such possession .divests the other of any title that he may have had to the land so occupied.

SAME.—*Adverse Possession.—Statute of Limitations.*—When parties agree upon such line, and each occupies to such line for more than twenty years, such agreement and occupancy give title to the line without reference to the true line.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.

*A. G. Cavins* and *E. H. C. Cavins,* for appellee.

BEST, C.—The appellee brought this action to recover from the appellant a strip of land twenty-eight feet in width off the east side of the southwest quarter of the northwest quarter of section 6, township 7 north, of range 4 west, in Greene county, Indiana. An issue was formed; trial by the court, finding and judgment for the appellee. A motion for

a new trial, because the finding was not sustained by the evidence and was contrary to the law, was overruled, and this ruling is assigned as error.

The facts agreed upon show that Ephraim Brighton, under whom the appellant claims, owned the southeast quarter, and that David Neidigh, under whom the appellee claims, owned the southwest quarter, of the northwest quarter, of said section, and that, in 1858, they caused the land to be surveyed and the division line to be established between them. The line thus established is the eastern line of the strip now in dispute. The Terre Haute and Louisville road ran diagonally across the southwest corner of the southeast quarter of the northwest quarter of said section, and after said line was established, about half an acre of said southeast quarter was south and west of said road. This piece of land was at once sold and conveyed by Brighton to Neidigh, and they then built a division fence upon this line from the north to the south side of the road, and thence with the road to the south line of said southeast quarter. Neidigh at once took possession of all the land west of this line as his own, improved it, cultivated it, and planted an orchard upon the strip in dispute. This land has been in the quiet, peaceable and undisturbed possession of Neidigh, and those claiming under him, for more than twenty years, and until July, 1881, when the county surveyor surveyed the same and fixed the line twenty-eight feet west of the line originally established. Thereupon the appellant moved the partition fence and took possession of the strip in dispute as a part of the southeast quarter of the northwest quarter of said section. The last survey, it is stated, was made by consent.

These facts, in our judgment, fully support the finding of the court. The survey originally made, aside from the agreement of the parties, conclusively established the line, and is binding alike upon the parties and all who claim under them. *Herbst* v. *Smith*, 71 Ind. 44.

Aside from this, the possession taken and maintained un-

der claim of title by Neidigh and those claiming under him for more than twenty years, divested Brighton of any title to said disputed strip, if he had any. *Bowen* v. *Preston*, 48 Ind. 367, and authorities there cited.

Independent of all this, the evidence shows that the owners of this land fixed the division line by agreement, and that, in pursuance of such agreement, they occupied the land to the line. This was done for more than twenty years by each or those claiming under them, and this agreement and occupancy gives title to the line without reference to where the true line may be. *Foulke* v. *Stockdale*, 40 Iowa, 99 ; *Hiatt* v. *Kirkpatrick*, 48 Iowa, 78 ; *Brown* v. *Anderson*, ante, p. 93.

Under these circumstances, the appellant was not entitled to the land, and the judgment against him should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellant's costs.