## HIRAM V. SMITH v. ALLICK G. RUNNELLS.

*Attachment—Affidavit—Personal service of writ—Delay in filing declaration—Partnership—Execution.*

1. The failure of a notary public to append to his signature to the jurat to an affidavit the name of the county for which he was appointed, which name does not appear in the body of the affidavit, but does in its caption, will not render the affidavit defective;[1] citing *Wright v. Wilson,* 17 Mich. 203.

2. Personal service of a writ of attachment upon one partner gives the court jurisdiction, though no property is attached, and a judgment based upon such service will support the levy of an execution issued thereon upon the partnership property; citing How. Stat. §§ 7730, 7733.

3. Failure to file a declaration in an attachment suit, in which personal service has been had upon one of the defendants, within the time prescribed by Circuit Court Rule No. 16, is at most an irregularity, which is cured by filing the declaration before the plaintiff's default is entered.

4. The publication of notice of attachment under How. Stat. § 8003, is only required where neither of the defendants can be found.

Error to Newaygo. (Palmer, J.) Argued January 5, 1893. Decided February 17, 1893.

Trover.· Defendant brings error. Reversed. The facts are stated in the opinion.

*Dumon & Cogger* and *M. Brown,* for appellant.

*Smiley, Smith & Stevens,* for plaintiff.

HOOKER, C. J. The plaintiff, claiming to be the owner by purchase from Robinson & Blodgett, copartners, of certain mill machinery, brings trover for its conversion. The defendant attempts to justify his conversion by virtue of

---

[1] See *Sullivan v. Hall,* 86 Mich. 7.

his office of sheriff, having sold the goods upon an execution. Upon the trial he offered in evidence the files and entries in the case wherein the execution issued, which proof was excluded by the trial court upon plaintiff's objection. The propriety of this ruling is the only question raised by the record.

That action was begun by attachment, and the affidavit is said to be defective, in that the notary before whom it was sworn did not append to his signature to the jurat the name of the county for which he was appointed, and it did not appear in the body of the affidavit. The caption of the affidavit contains the name of the county, and leads to the plain inference that the notary was an officer in and for such county. See *Wright v. Wilson,* 17 Mich. 203.

The attachment issued against Robinson & Blodgett and the Union Tie Company. The sheriff made a return on December 3, 1889, stating that he had that day "seized certain property." He did not state whose property it was, but did return that it was "located in Robinson & Blodgett's mill." January 8, 1890, the defendant, as sheriff, made another return respecting the seizure of the property, and stating that on December 4, 1889, at Woodville, in Newaygo county, he served personally upon Charles E. Robinson a copy of the writ and of the inventories, all duly certified, and that on December 5.he served personally copies of the same papers, duly certified, upon one Capt. Blend, "who claimed to be the agent of J. D. Bancroft, or what was left of the Union Tie Company, Chicago." He further returned that after diligent search and inquiry he had been unable to find within the county either Silas W. Blodgett, one of the defendants, or any of the officers of the Union Tie Company of Chicago, and for that reason he had made no service upon either Blodgett or the tie company. On April 21, 1890, a further return appears to have been made, which stated,

in addition to the other facts above recited, that he showed to Robinson, at the time of service, the original writ. So far as Robinson is concerned, the return of December 3 shows the seizure of the property, and that of January 8 personal service. None of the returns show that the property belonged to Robinson & Blodgett. Perhaps the officer could not safely so certify; but he does say that he found it in their mill. But, if it were necessary that the return should show the ownership (which we do not decide), the personal service upon Robinson would have given jurisdiction though no property had been seized, and the judgment based upon it would have supported a levy upon the partnership property of Robinson & Blodgett. How. Stat. §§ 7730, 7733.

The next alleged defect in the attachment proceeding is that the declaration was not filed in time, thereby ousting the court of jurisdiction. It was filed March 17, the writ being returnable January 7. It is true that the declaration should have been filed within 20 days after the return of the writ, in accordance with Circuit Court Rule 16, providing for cases commenced by summons, which rule is made applicable to attachment cases by statute (How. Stat. §§ 8002, 8007) allowing the same proceedings on return of attachment personally served upon any defendant as in cases of summons. If this provision makes the rule applicable to the filing of declaration, it would seem also to put the case on the *same footing* as cases commenced by summons. In such cases the failure to file declaration could be taken advantage of only by entry of default. No appearance or default having been entered, this delay was at most an irregularity, cured by filing the declaration. And the same may be said of the attempt to bring in the other defendants, Blodgett (who was not found) and the Union Tie Company (which appears to have

been a non-resident corporation), by publication. These proceedings . were unnecessary and harmless, publication being required only where neither defendant could be found. How. Stat. §§ 8002, 8003.

The attachment case went to judgment against all defendants, and execution was issued and levied upon the property attached. The property being sold upon the execution, this action of trover followed. Defendant, in offering these proceedings in evidence, claimed that the judgment in the attachment suit was based upon a partnership obligation of Robinson & Blodgett, the Union Tie Company having indorsed their paper. If he could show these facts, the partnership property of Robinson & Blodgett was subject to attachment and levy for such debt, and none the less so because the Union Tie Company was made a party by reason of its indorsement. How. Stat. § 7733.

So far as appears upon the record, these attachment proceedings were valid and admissible to support defendant's alleged title to the property.

It follows that the judgment must be reversed, with costs, and a new trial ordered.

McGRATH, LONG, and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.