Dows REAL ESTATE & TRUST COMPANY v. C. P. EMERSON
and MAMIE EMERSON, Appellants.

**Boundaries:** ACTUAL MONUMENTS: ACQUIESCENCE: EVIDENCE. The
1   actual monuments with reference to which a conveyance is made
will control the description, and an adverse holding for ten years
to a line recognized by both parties as the true boundary will
establish the same by acquiescence. Evidence is considered and
held to show, that the parties to the conveyance intended and
understood at that time that one of the boundaries was a certain
fence which had been so recognized for more than ten years.

**Quieting title:** DECREE: PARTIES. Where a city was not a party to
2   an action to quiet title, it was not bound by any determination of
the location of its street lines.

*Appeal from Linn District Court.*— HON. WILLIAM G.
THOMPSON, Judge.

THURSDAY, MAY 12, 1904.

ACTION to quiet title to a certain parcel of real prop-
erty. Decree for plaintiff. Defendants appeal.— *Af-
firmed.*

*Heins & Heins,* for appellants.

*John A. Reid,* for appellee.

McCLAIN, J.— In 1889 Henrietta W. Dows, who was
then the owner of a tract of land fronting to the northwest
on First avenue, in the city of Cedar Rapids, conveyed to
1. BOUNDARIES:    Alice R. Rogers a portion thereof, with a front-
actual monu-
ments; acqui-    age of one hundred and forty feet on the ave-
escense;
evidence.        nue and a depth of two hundred feet; and in
1889 the same grantor conveyed to the same grantee an ad-
ditional tract, so as to make the entire parcel two hundred
and fifty feet in depth and one hundred and forty feet in

width. In these two deeds the land is described as lots three and four, respectively, of the irregular survey of a certain quarter section, as shown by a plat made by one Wynn in 1888, and it is more specifically described as abutting on the southerly side of First avenue. In other words, the specified description involves a starting point on the southerly side of First avenue, and the usual rectangular description with reference to that starting point.

The whole controversy between the parties is occasioned by a difference of opinion as to where the southerly line of the street is located. There is no difficulty as to the center line of the street. Before the incorporation of this territory as a part of the city of Cedar Rapids by annexation, what is now First avenue was a country road sixty-six feet wide. By the first plat, First avenue, which was then designated as Iowa avenue, corresponding as to its center line with this country road, was laid out as one hundred and twenty feet in width. Subsequently an attempt was made to vacate a portion of the plat, and it is contended for appellee that the strip twenty-seven feet in width between the former road and the southerly line of Iowa avenue as platted, and along the front of the property in question and adjoining tracts, ceased to be a part of Iowa avenue, and never became a part of First avenue; while it is contended for appellants that this twenty-seven-foot strip is a part of First avenue. Wynn's irregular plat was made on the theory that First avenue was one hundred and twenty feet wide. But, at the time of the conveyances above referred to, the fence in front of the premises and separating them from the street was actually on the southerly line of the original road, and not on the southerly line of Iowa avenue as platted in the original plat of the addition, and as indicated on Wynn's irregular plat; and there is no question left under the evidence as to the fact that in the negotiations between S. L. Dows, husband of the grantor, and her agent, and one Young, the agent of the grantee, with reference to the sale of the prem-

ises in pursuance of which the deeds above referred to were made, this fence, then standing as the apparent division between the tract as conveyed and the street, was mutually understood to mark the boundary line. At that time there was a dwelling house on the tract first conveyed, and it is clearly shown that the mutual intention of the parties to the negotiation was to convey a suitable parcel of ground to be occupied in connection with such dwelling. It also appears that the additional tract of fifty feet in depth was acquired by the grantee on the theory that if First avenue should be made one hundred and twenty feet in width — that is, if twenty-seven feet should be taken from the front of the first tract for street purposes — the remaining portion of the first tract would not be as deep, measuring from the street, as the grantee desired.

We think it clear that both parties perfectly understood the exact location of the boundaries of the tracts which the grantor was intending to convey to the grantee, and that these tracts were laid out with reference to the fence then existing on the southerly line of the original country road. About that time a fence of some description was constructed under the authority of grantee along what was supposed to be the southerly end of the parcel of land embracing the two tracts; that is, along a line two hundred and fifty feet distant from the existing fence at the front of the street. There is no direct evidence as to who constructed the fence at the southerly end of this parcel of land, but it is shown beyond controversy that such a fence was there soon after the second conveyance was made, and that the parcel was occupied for more than ten years as extending from the fence at the northerly end to this fence at the southerly end, and that these two fences were recognized by all parties concerned as the boundaries of grantee's premises. After the lapse of more than ten years, Wynn was called in as a surveyor by defendants, the remote grantees of Miss Rogers, to establish their southerly line, and, considering the south-

erly line of First avenue as originally platted to be the front line of defendants' premises, he established a new southerly line two hundred and fifty feet therefrom, and defendants thereupon constructed a new fence so as to include a strip twenty-seven feet in width along defendants' southerly line. It is this strip which is now in controversy between the parties, the plaintiff corporation having succeeded to the title of Henrietta W. Dows to the land lying south and west of the tracts originally conveyed to Miss Rogers.

Under the facts above recited, we have no difficulty in reaching the conclusion that the boundaries recognized by the parties at the time of the original conveyance, and with reference to which the premises were occupied by Miss Rogers and her grantees, including the defendants, for more than ten years, must control. We reach this conclusion on well-established principles, without following the elaborate arguments made on each side, and without necessity for citation of authorities in support of elementary rules as to boundary lines. The actual monuments with reference to which a conveyance is made will control the description, and holding adversely for ten years to a line recognized by both parties as the true boundary will establish such boundary by acquiescence. Neither defendants nor their grantors made any claim to this twenty-seven foot strip beyond the original southerly line of the premises until more than ten years from the time the premises were first occupied by Miss Rogers. They cannot now assert title under their original conveyance to this strip, which had by acquiescence during all that time been conceded to be the property of plaintiff and its grantors.

Some reliance is placed on a quitclaim deed executed in 1890 by Henrietta W. Dows to the defendants, but the description in this deed is the same as in the original deeds, and expressly refers to the original deeds to Miss Rogers, and clearly must be construed as conveying no other property than that included in such original deeds. Therefore

it does not in any way affect the rights of the parties as involved in this controversy.

There is some contention for appellants that the plaintiff has acquired no title to this twenty-seven foot strip, but, without going into the details as to the devolution of title upon plaintiff from Henrietta W. Dows, it is sufficient to say that it clearly appears that, if this twenty-seven foot strip belonged to Henrietta W. Dows after the original conveyances to Miss Rogers, it is now the property of plaintiff.

Counsel for appellants have elaborately argued the question whether, as a matter of fact, First avenue is one hundred and twenty feet wide, and they urge upon us the im-

2. QUIETING TITLE: decree; parties. portance of this case as affecting that question. But the city of Cedar Rapids is not a party to this suit and its rights can in no way be affected by our conclusion in the case. If Henrietta W. Dows attempted to convey twenty-seven feet which really belonged to the city of Cedar Rapids as a part of First avenue, the remedy of defendants is by action for breach of warranty, if any warranty was given, and not by claiming a twenty-seven-foot strip from plaintiff.

The conclusion which we have indicated as based upon the evidence requires that the decree of the lower court be *affirmed.*