CARL UKER and RALPH S. WAGNER, Administrator, v. WILHELM THIEMAN and WILLIAM WEINBERG, Appellants.

Boundaries: ACQUIESENCE: PAROL AGREEMENT TO RELOCATE. Acquiesence in a defined line as the true boundary for a period of fifteen years is binding upon the parties and it will not be changed upon the showing of a mere oral agreement to have a survey made to ascertain and establish the true line, even though the survey was made pursuant to the agreement but was not followed by possession or improvement with reference thereto.

*Appeal from Floyd District Court.*— HON. CLIFFORD P. SMITH, Judge.

TUESDAY, MAY 8, 1906.

REHEARING DENIED, OCTOBER 25, 1906.

THIS is a boundary line case. There was a judgment for the plaintiffs, from which the defendants appeal.— *Affirmed.*

*J. C. Campbell,* for appellants.

*P. W. Burr,* for appellees.

SHERWIN, J.— The parties to this suit own all of section 15, township 94, range 18, in Floyd county, Iowa, the plaintiffs being the owners of the E. ½ of the section; and the defendants owning the W. ½ thereof. The controversy is over the line between them. For more than twenty years before this suit was brought, a fence had been maintained between the lands of these contending parties which was, during said time recognized and acquiesced in as marking the true boundary line. The land on both sides of the fence was occupied and cultivated up to the line thus established, and there is no serious conflict in the evidence on the question of recognition and acquiescence for a period of more than fifteen years. In the absence of other controlling circumstances, such recognition acquiescence and occupancy for a period of ten years fixes the true boundary. *Miller v. Mills County,* 111 Iowa, 654. The appellants claim, however, that in 1900 an oral agreement was entered into by all parties which provided for the establishment of the correct government line between them, and that the line so established must be recognized now as the true line. That a survey was made in 1900, and a new line found by the surveyor, is undisputed, but there is a serious conflict in the testimony as to the purpose of the survey.

The appellees contend that the agreement therefor permitted only the running of a straight line between points already established and recognized, while the appellants contend that it was an agreement to have a survey made to ascertain and establish the true line. The line marked by

the fence had been established for more than fifteen years, as we have seen, before it was questioned by the defendants, and something more than an oral agreement was necessary to change it.   *Kitchen v. Chantland,* 130 Iowa, 618; *Lamb v. Lamb,* 139 Mich. 166 (102 N. W. 645) ; *Burns v. Martin,* 45 Mich. 22 (7 N. W. 219).

And if it be conceded that the agreement contemplated the establishment of a new line nothing was done thereunder bringing the case within the rule that. a line may be fixed by parol, when its establishment is followed by possession or improvement with reference thereto.   It is true that one of the defendants built a fence on a part of the new line, but it was built without the knowledge of the plaintiffs, and within a month or six weeks thereafter this action was commenced.   Furthermore, the evidence does not clearly show an agreement to establish a boundary different from that fixed by the old fence.   On the whole, we are satisfied that the trial court reached the right conclusion on the facts. The facts are not at all similar to the facts in Kitchen v. Chantland, *supra,* and hence it is not controlling on the proposition urged by the appellants.

The judgment is *affirmed.*