JOHN G. FREDRICKSEN, Appellee, v. JOHN BIERENT, Appellant.

**Boundaries:** RELOCATION. The mere survey of a boundary line once established by acquiescence and adverse possession, though by mutual consent and agreement of the parties, will not effect a change in the line, but there must be an express agreement that it shall be thus changed. And even though there was an oral agreement to change the line by a resurvey this must have been followed by possession or improvement thereto to be effective.

*Appeal from Woodbury District Court.*—HON. DAVID
MOULD, Judge.

WEDNESDAY, FEBRUARY 7, 1912.

THIS is a controversy over the boundary line between
the N. W. ¼ of the N. E. ¼ and the N. E. ¼ of the N.
E. ¼ of section 1 in a township of land in Woodbury
county, Iowa. The action is in form at law to recover the
possession of the disputed strip and damages for the with-
holding thereof from plaintiff. Plaintiff relied upon a
boundary established by possession and acquiescence and by
adverse possession, and defendant upon what he claims is
the true line and a survey made in the year 1909. A jury
was waived and the case tried to the court, resulting in a
judgment for plaintiff, without damages, and defendant
appeals.—*Affirmed.*

*W. G. Sears,* for appellant.

*Miles W. Newby,* for appellee.

DEEMER, J.—The testimony clearly brings the case
within the rules announced in *Miller v. Mills County,* 111
Iowa, 657; *Hiatt v. Kirkpatrick,* 48 Iowa, 78; *Foulke v.
Stockdale,* 40 Iowa, 99; *Tracy v. Newton,* 57 Iowa, 210;
*Trust Co. v. Emerson,* 125 Iowa, 86; *Laughlin v. Francis,*
129 Iowa, 62; *Hootman v. Hootman,* 133 Iowa, 632; *Full-
mer v. Beck,* 105 Iowa, 517; *Keller v. Harrison,* 139 Iowa,
394; *Axmear v. Richards,* 112 Iowa, 657; *Klinkner v.
Schmidt,* 114 Iowa, 698; *O'Callaghan v. Whisenand,* 119
Iowa, 568; *Harndon v. Stultz,* 124 Iowa, 734, and other
like cases, and justifies the judgment entered by the trial
court, unless it be for a claim, not made in any of them,
but here present, to the effect that the line claimed for
defendant was established by a survey which, it is claimed

the parties agreed to make some time in the latter part of the year 1909. As to this, the trial court was justified in finding that in September of the year 1909, plaintiff and defendant had some talk regarding a new fence between their respective properties, and that after considerable discussion defendant proposed a new survey of the boundary line; that defendant insisted upon a new survey; and that plaintiff finally said, "If you want it surveyed, I am willing to pay one-half the surveyor's fees just to be nice." The trial court was also justified in finding that plaintiff never agreed to abide by the survey, or consented to the building of a fence upon the line of the new survey, provided it should be found different from the one which had theretofore been recognized. It is true that a new survey was had, which established the line where defendant now claims it to be, and that defendant purchased material with which to build a new fence, which fence was needed or demanded, no matter where the line; and that, over plaintiff's protests, defendant took possession of the strip of land in dispute, and erected a fence upon the line now claimed by him. This action was brought very soon after the erection of the new fence.

The line having been established by acquiescence and adverse possession, and having been recognized by the grantors, immediate and remote, of the parties hereto for more than twenty years before the new survey was agreed to, the controlling question in the case is the effect to be given the new survey. The trial court was justified in finding that, while the parties agreed to a new survey, plaintiff's version of the agreement is correct; and that he never, at any time, agreed to the erection of a fence upon the line of such survey, or to be bound by the results thereof, in so far as it affected the line as shown by an old fence and the boundary as theretofore recognized by the parties and their grantors. This being true, defendant would, at most, have nothing more than a right of action for plaintiff's breach

of contract, even were such breach shown. The new survey would not, of itself, establish the line. An express agreement to that effect would be necessary. But such an agreement, even if shown, unless followed by possession or improvement of the property with reference to the new line, with the acquiescence or agreement of the plaintiff, would not affect the old line as established by acquiescence and adverse possession. *Uker v. Thieman,* 132 Iowa, 79; *Kitchen v. Chantland,* 130 Iowa, 618; *Bevering v. Smith,* 121 Iowa, 615. Something more than an oral agreement is necessary to change a boundary already established by acquiescence or adverse possession. See *Uker v. Thieman, supra; Kilchen v. Chantland, supra.*

The latter case fully covers this proposition, and nothing further need be added, save to say that section 4239 of the Code should also be considered. It reads as follows: "Any lost or disputed corner or boundary may be determined by written agreement of all parties thereby affected, signed and acknowledged by each as required for conveyance of real estate, clearly designating the same, and accompanied by a plat thereof, which shall be recorded as an instrument affecting real estate, and shall be binding upon their heirs, successors and assigns."

As the agreement, whatever it may have been, was not followed by possession to which plaintiff agreed, the new survey should be eliminated, and with that out of the way there was but one thing to do, and that was to establish the boundary theretofore established by acquiescence and adverse possession.

It should be remembered that this is an action at law; and that upon appeal, the findings of the trial court are conclusive, unless there be no substantial testimony in their support. Viewing the testimony in the most favorable light for plaintiff, we are of opinion that the trial court did not err in rendering judgment for him.—*Affirmed.*